■ In the Matter of the Claim of FRANK J. PETROSINO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 23, 1975, which dismissed claimant's appeal upon the ground that it was not timely filed. The claimant's request for a referee hearing was denied by a referee upon the ground that it was not timely made and notice of the decision was mailed on July 29, 1974. The decision had printed thereon the time requirements for an appeal to the Unemployment Insurance Appeal Board. The claimant did not file an appeal from that decision until March 25, 1975. Pursuant to subdivision 1 of section 621 of the Labor Law, a claimant must file such an appeal within 20 days after the mailing of the referee's decision and this the claimant failed to do (Matter of Moses [Catherwood], 31 AD2d 772). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of THOMAS V. DE NAVE, Appellant. NEW YORK TELEPHONE COMPANY, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 19, 1975, which adopted and affirmed a referee's decision sustaining the initial determination of the Industrial Commissioner that the claimant was disqualified from receiving benefits because he lost his employment through misconduct in connection therewith. As part of the claimant's duties he was directed by the employer to implement the employer's program which was intended to carry out a consent decree in regard to compliance with the guidelines of the Federal Equal Employment Act. About a month before his termination from employment he advised his superior that he believed that the materials provided to him in regard to this company program indicated that in fact there would be further discrimination by way of company policy. Based upon that belief he stated that he would not assist the company in carrying out its official program. The claimant was given ample time to consider his position, but was advised that his continued refusals in connection with the program might result in his dismissal. In his testimony at a hearing held on December 31, 1974, the claimant stated that on the final day of his employment he was asked if he would implement the employer's program and he again refused. He does not dispute that he was terminated because he would not carry out his duties. The claimant has contended throughout the proceedings that the employer's program actually was discriminatory because of its favoritism to minority group workers. Assuming that such was the case, the record does not establish that the claimant would have been guilty of violating any law by simply acting as a conduit for the transmission of his employer's informational material to subordinate employees. Upon the present record, the claimant was given an order which was reasonably related to the employment and his final refusal on the day his employment was terminated could be found by the board upon substantial evidence to be a willful violation of his work duties. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.